1   THOMAS A. WILLOUGHBY, State Bar No. 137597
    JENNIFER E. NIEMANN, State Bar No. 142151
2   FELDERSTEIN FITZGERALD WILLOUGHBY &
    PASCUZZI LLP
3   400 Capitol Mall, Suite 1750
    Sacramento, CA  95814
4   Telephone: (916) 329-7400
    Facsimile: (916) 329-7435
5   e-mail: twilloughby@ffwplaw.com

6   Attorneys for the Chapter 11 Trustee,
    Beverly N. McFarland
7

8                   UNITED STATES BANKRUPTCY COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        SACRAMENTO DIVISION

11  In re:                          CASE NO.: 14-25820-D-11

12  INTERNATIONAL                   Chapter 11
    MANUFACTURING GROUP, INC.,
13                                  DCN:  FWP-25
                Debtor.
14                                  Date:       June 10, 2015
                                    Time:       10:00 a.m.
15                                  Courtroom:  34
                                                501 I Street, 6th Floor
16                                              Sacramento, CA

17         **MOTION OF FELDERSTEIN FITZGERALD WILLOUGHBY &
         PASCUZZI LLP FOR FIRST INTERIM ALLOWANCE OF ATTORNEYS'
18           FEES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY
                   COUNSEL FOR THE CHAPTER 11 TRUSTEE**

19         The law firm of Felderstein Fitzgerald Willoughby & Pascuzzi LLP ("Counsel" or

20  "FFWP"), the bankruptcy attorneys for Beverly N. McFarland, the duly appointed Chapter 11

21  Trustee (the "Trustee") in the above-referenced case, submits this motion ("Motion") for first

22  interim allowance of attorneys' fees in the amount of $540,916.00 and reimbursement of

23  expenses in the amount of $33,234.24[1] for a total of $574,150.24 for the period of June 25, 2014,

24  through and including March 31, 2015 ("Motion Period").

25  ///

26  ///

27  ---
    [1]  FFWP has agreed to bear the cost to copy and serve the professional fee applications in the
28  IMG case to be set on the June 10, 2014 calendar.  Prior to the hearing, a supplemental request
    will be submitted seeking approval for these costs as well.

                                    -1-

I.

**BACKGROUND FACTS**

On May 30, 2014, International Manufacturing Group, Inc. (IMG" or the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 25, 2014, this Court entered its order approving the Trustee's appointment as the Chapter 11 Trustee for the Debtor's estate pursuant to the request of the United States Trustee filed on June 24, 2014.

Prior to the sale of substantially all of the Debtor's business assets, the Debtor was primarily engaged in the retail sale and distribution of consumable or disposable medical supplies for dentists and for tattoo artists ("IMG Business").  The Debtor operated its business out of a warehouse and manufacturing facility in West Sacramento, California.

IMG is alleged to have been involved in a massive Ponzi scheme with IMG's sole shareholder and president, Deepal Wannakuwatte ("Wannakuwatte"), channeling in excess of $205 million in investor funds through the IMG "Wholesale" account alone, through more than 25 related entity bank accounts and 53 related entities over many years, and defrauding over 186 victims of over $120 million in the process, primarily individuals, trusts, corporate entities, and possibly some financial institutions.  On November 13, 2014, Wannakuwatte was sentenced to twenty years in federal prison for this fraud.

On August 1, 2014, this Court entered its order approving the employment of FFWP as bankruptcy counsel for the Trustee effective as of June 25, 2014 (the "Employment Order").  On April 8, 2015, the Court reaffirmed FFWP's employment after additional connections arose and were disclosed by FFWP during the case (Docket No. 606).

II.

**CASE STATUS**

At the inception of this case, there was an almost crippled business and business records relating to a massive Ponzi scheme in complete disarray.  Documents detailing how the Ponzi scheme had occurred were strewn about haphazardly in trunks of automobiles, garages, the FBI's offices, and boxes stacked on pallets in the business warehouse.

With the help of counsel, her staff, and her other professionals, the Trustee conceived of

and implemented the following strategy to maximize the return to the victims: (1) investigate claims against third parties; (2) assist the investigation by operating the business and then selling it as a going concern; (3) evaluate and, if appropriate, consolidate the far-flung entities used in the Ponzi scheme to maximize recoveries of assets and claims against third parties; (4) hire sophisticated plaintiff-side counsel to bring valid claims against third parties for the benefit of the victims of this horrendous Ponzi scheme; and (5) confirm a plan that pools the claims of both the consolidated individual case and the IMG consolidated case for ultimate efficient distribution to creditors.

The first three phases—investigation, operation/sale of business assets, and consolidation—have largely been completed. Litigation counsel has commenced significant claims against third parties, and an agreement also has been reached and approved by the Court respecting the future establishment of a joint claims pool in the consolidated IMG case and the consolidated individual cases.

As the Court is aware, and as described in the cash collateral motion filed herewith, sufficient cash (approximately $1.4 million) exists from the IMGF settlement, the proposed MAR settlement filed herewith, and the sale of the IMG Business to pay essentially all current administrative claims. However, the consequence of immediate payment of all accrued administrative fees would be an increase in the contingency fee amount from 33% to 40% if no funds would remain and litigation counsel must advance costs.

The Trustee has requested that the estate's professionals, including counsel for the Official Committee of Unsecured Creditors (the "Committee"), defer immediate payment of their professional fees and costs incurred in the first ten months of this case so the Trustee can reserve $350,000 to pay litigation expenses on a monthly ongoing basis for the next year. The professionals have agreed to seek interim approval for 100% of their fees and costs, but request immediate interim payment of only 70% of their fees and 100% of their costs at this stage of the case.

///

///

## III.

## SERVICES RENDERED

The services performed by Counsel in this case have been categorized into task billing categories. A list of the categories used for coding and the amounts calculated for each category during the Motion Period is as follows:

| CATEGORY | HOURS | FEES |
|---|---|---|
| Administrative Expense Motions | 16.7 | $6,676.50 |
| Asset Analysis & Recovery | 33.6 | $13,206.50 |
| Asset Disposition Motions | 234.4 | $94,703.00 |
| Attendance at 341 Meeting, Debtor's Conference | 9.9 | $4,470.50 |
| Business Operations | 17.5 | $7,469.00 |
| Case & Hearing Status Reports | 26.1 | $11,619.50 |
| Cash Collateral/Financing | 44.4 | $15,704.00 |
| Claims Administration & Analysis | 43.2 | $12,965.00 |
| Compromise/Settlement Motions | 42.3 | $16,878.50 |
| Creditors Committee Matters | 61.6 | $30,442.00 |
| FFWP Fee Applications | 3.3 | $1,453.50 |
| First Day Motions | 37.9 | $14,260.50 |
| Forfeiture Analysis | 13.5 | $6,682.50 |
| General Case Administration | 73.6 | $27,118.00 |
| General Litigation Issues (Pre-petition Cemo Litigation) | 3.5 | $1,413.50 |
| IMG Funding LLC Lien Disputes | 143.0 | $64,527.00 |
| Meetings & Communications with Creditors | 2.8 | $1,246.00 |
| Motion for Relief from Stay #1 (IMGF) | 23.3 | $9,203.50 |
| Motion for Relief from Stay #2 (Community First Bank) | 16.3 | $7,508.50 |
| Motion for Relief from Stay #3 (Zions First National Bank) | 1.9 | $650.50 |
| Non-Working Travel | 2.0 | $990.00 |
| Other Professional Fee Applications | 1.7 | $621.50 |
| Petition/Schedules/SOFA | 13.6 | $3,142.00 |
| Professional Employment Applications | 114.90 | $40,154.50 |

| CATEGORY | HOURS | FEES |
|---|---|---|
| Reporting (Including Monthly, Quarterly and other Accounting Reports) | 2.2 | $969.00 |
| Review Case Issues, Initial Strategy, and First Day Motions | 26.6 | $13,167.00 |
| Special Counsel Coordination | 23.9 | $11,740.50 |
| Substantive Consolidation Analysis | 139.1 | $60,985.50 |
| Substantive Consolidation Litigation | 157.3 | $59,413.50 |
| Tax Matters | 3.1 | $1,534.50 |
| **Totals** | **1333.2** | **$540,916.00** |

The services performed by Counsel in each category, along with a breakdown of the professionals that performed the services, are as follows:

A. <u>Administrative Expense Motions</u>. Counsel expended 16.7 hours in this category for a total charge of $6,676.50. The services performed in this category generally included, but were not limited to performing legal research regarding claims under section 503(b)(9) of the Bankruptcy Code; participating in numerous telephone conferences with the Trustee and in-house counsel for Medline Industries, Inc. ("Medline") regarding payment of its section 503(b)(9) claim; drafting, filing and serving the Trustee's motion to approve payment of Medline's section 503(b)(9) claim; drafting and uploading the order approving payment of Medline's section 503(b)(9) claim; and working with the Trustee and counsel for Medline regarding the timing for payment of that claim.

A breakdown of the professionals who billed time to Category A and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 4.2 | $2,079.00 |
| Jennifer A. Niemann | $395 | 10.8 | $4,266.00 |
| Karen L. Widder | $195 | 1.7 | $331.50 |
| **Totals** | | **16.7** | **$6,676.50** |

///

B.     <u>Asset Analysis</u>.  Counsel expended 33.6 hours in this category for a total charge of $13,206.50.  The services performed in this category generally included, but were not limited to traveling to the Debtor's business location and participating in a meeting with the Trustee regarding the Trustee's takeover and control of the business and determining the value of the business assets; participating in numerous telephone conferences and e-mail exchanges with the Trustee's special litigation counsel as the case progressed regarding the analysis of case assets; drafting and updating an asset liquidation spreadsheet; performing on-line research regarding the Debtor's assets and liabilities including but not limited to performing real property, UCC and DMV searches on the Debtor and the Debtor's related entities; obtaining and reviewing the Trustee's sale guaranty on the 879 "F" Street, West Sacramento, California property ("F" Street Property); drafting and filing proofs of claim on behalf of the Trustee in the three Wannakuwatte individual cases; drafting a motion for turnover of constructive trust funds related to settlement with IMG Funding, LLC ("IMGF"); drafting demand letters to banks for turnover of IMGF constructive trust funds; working with the title company and case parties regarding distribution of the IMGF constructive trust funds held in escrow; and drafting and serving a Notice of Imminent Distribution of Funds relating to the IMGF settlement.

A breakdown of the professionals who billed time to Category B and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 15.6 | $7,722.00 |
| Jason E. Rios | $405 | .3 | $121.50 |
| Jennifer E. Niemann | $395 | 7.0 | $2,765.00 |
| Holly A. Estioko | $350 | 3.3 | $1,155.00 |
| Karen L. Widder | $195 | 7.4 | $1,443.00 |
| **Totals** | | **33.6** | **$13,206.50** |

C.     <u>Asset Disposition Motions</u>.  Counsel expended 234.4 hours in this category for a total charge of $94,703.00.  The services performed by Counsel in this category during the

Motion Period included but were not limited to drafting, filing and serving a motion for authority to abandon the estate's interest in the Debtor's 2003 Ford Excursion Sport Utility Vehicle; drafting, filing and serving a motion for authority to sell certain automobiles owned by the Estate free and clear of liens and to approve overbid procedures for the sale; participating in negotiations with counsel for Zions First National Bank ("Zions Bank") regarding the sale the "F" Street Property; working with the Trustee on numerous issues related to the sale of the IMG Business and the "F" Street Property; drafting confidentiality agreements for potential business brokers; drafting and uploading the order approving the sale of the Debtor's vehicles; negotiating lien releases from potential holders of security interests in the Debtor's vehicles; performing legal research regarding disclaimer language for a due diligence package for the sale of the IMG Business; working with counsel for the trustee in the related Wannakuwatte case ("Wannakuwatte Trustee") regarding the Wannakuwatte Trustee's concurrent application for employment of a real estate broker in the Wannakuwatte case; participating in communications with counsel for potential buyers regarding purchase of the IMG Business and the "F" Street Property; negotiating and drafting form asset purchase agreements and overbidder asset purchase agreements; extensive work drafting, filing and serving the motion to approve sale of the "F" Street Property, including drafting a detailed table of the potential waterfall of proceeds from the sale; drafting, filing and serving a motion to approve the sale of the IMG Business; reviewing the opposition to the motion to approve sale of the "F" Street Property filed by Zions Bank; participating in negotiations with counsel for Zions Bank regarding the potential settlement of same; drafting, filing and serving status reports on the sale of the IMG Business and the "F" Street Property; drafting, filing and serving a motion to authorize the Trustee to take actions outside of the ordinary course of business, including the sale or donation of miscellaneous assets; negotiating with several identified potential lienholders on the "F" Street Property regarding their consent to the sale and payoff demands; drafting a non-disturbance agreement relating to the sale of the "F" Street Property; drafting a bill of sale for the sale of the equipment leftover from the Debtor's tennis business; preparing for and attending the hearings on the sale of the IMG Business and "F" Street Property; negotiating, drafting and uploading orders approving the sales of the IMG Business and

the "F" Street Property; drafting the order approving actions outside of the ordinary course of business; drafting closing documents for the sale of the IMG Business; and drafting, filing and serving a status report to the Court regarding the amendment to IMG Business sale and sale closing.

A breakdown of the professionals who billed time to Category C and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 107.9 | $53,410.50 |
| Paul J. Pascuzzi | 475 | .3 | $142.50 |
| Jason E. Rios | $405 | .1 | $40.50 |
| Jennifer E. Niemann | $395 | 82.6 | $32,627.00 |
| Karen L. Widder | $195 | 43.5 | $8,482.50 |
| **Totals** | | **234.4** | **$94,703.00** |

D.    Attendance at 341 Meeting.  Counsel expended 9.9 hours in this category for a total charge of $4,470.50.  The services performed in this category generally included, but were not limited to, working with the Trustee and the Trustee's special counsel on questions for the Debtor at the 341 meeting and preparing for and participating in the 341 meeting and continued 341 meeting.

A breakdown of the professionals who billed time to Category D and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 6.6 | $3,267.00 |
| Jennifer E. Niemann | $395 | 2.8 | $1,106.00 |
| Karen L. Widder | $195 | .5 | $97.50 |
| **Totals** | | **9.9** | **$4,470.50** |

E.    Business Operations.  Counsel expended 17.5 hours in this category for a total charge of $7,469.00.  The services performed in this category generally included, but were not limited to, working with the Trustee on numerous operational issues as they arose including

-8-

employee issues, insurance issues, supply delivery issues, IT security issues and collection of delinquent accounts receivable; participating in negotiations with counsel for Medline regarding allowing inventory deliveries to the IMG Business; and drafting demand letters for delinquent accounts.

A breakdown of the professionals who billed time to Category E and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 7.5 | $3712.50 |
| Jennifer E. Niemann | $395 | 5.7 | $2,251.50 |
| Holly A. Estioko | $350 | 4.3 | $1,505.00 |
| **Totals** | | **17.5** | **$7,469.00** |

F.    Case & Hearing Status Reports.  Counsel expended 26.1 hours in this category for a total charge of $11,619.50.  The services performed in this category generally included but were not limited to drafting, filing and serving status reports prior to the hearings on the various motions filed in this case and several general case status reports to keep the Court and creditors apprised of the Trustee's progress in the case.

A breakdown of the professionals who billed time to Category F and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 18.7 | $9,256.50 |
| Jennifer E. Niemann | $395 | 4.6 | $1,817.00 |
| Karen L. Widder | $195 | 2.8 | $546.00 |
| **Totals** | | **26.1** | **$11,619.50** |

G.    Cash Collateral/Financing.  Counsel expended 44.4 hours in this category for a total charge of $15,704.00  The services performed in this category generally included, but were not limited to reviewing and analyzing potential security interests in the Debtor's assets; negotiating with counsel for potential secured creditor, IMGF, regarding consent to use of cash collateral; negotiating, drafting, filing and serving a motion for authority to use cash collateral;

working with the Trustee and the Trustee's accountant on cash collateral projections and budget; and performing legal research regarding and drafting a motion to value unrecorded liens at zero for cash collateral purposes.

A breakdown of the professionals who billed time to Category G and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 16.6 | $8,217.00 |
| Jason E. Rios | $405 | .6 | $243.00 |
| Jennifer E. Niemann | $395 | 9.7 | $3,831.50 |
| Karen L. Widder | $195 | 17.5 | $3,412.50 |
| **Totals** | | **44.4** | **$15,704.00** |

H.    <u>Claims Administration & Analysis</u>.  Counsel expended 43.2 hours in this category for a total charge of $12,965.00.  The services performed in this category generally included, but were not limited to, performing on-line research regarding the status of state and federal court actions pending against the Debtor; drafting, filing and serving notices of pendency of bankruptcy case in the state and federal court actions; drafting, filing and serving a motion to approve the form and manner of publication of the claims bar date; drafting letters to potential victims of the Debtor regarding the case filing and claims bar dates; reviewing and analyzing the claims filed in this case versus the claims filed in the Wannakuwatte case and drafting a spreadsheet comparison for same; and drafting a notice of bar date to be served on creditors of the substantively consolidated entities.

A breakdown of the professionals who billed time to Category H and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 3.2 | $1,584.00 |
| Jason E. Rios | $405 | .1 | $40.50 |
| Jennifer E. Niemann | $395 | 17.8 | $7,031.00 |
| Karen L. Widder | $195 | 22.1 | $4,309.50 |

| | | 43.2 | $12,965.00 |
|---|---|---|---|
| **Totals** | | | |

I.    Compromise/Settlement Motions.    Counsel expended 42.3 hours in this category for a total charge of $16,878.50.  The services performed in this category generally included, but were not limited to drafting, filing and serving a motion to approve the settlement with IMGF; preparing for and attending the hearing on the IMGF settlement motion; and negotiating, drafting and uploading order approving the IMGF settlement.

A breakdown of the professionals who billed time to Category I and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 9.1 | $4,504.50 |
| Jennifer E. Niemann | $395 | 29.5 | $11,652.50 |
| Karen L. Widder | $195 | 3.7 | $721.50 |
| **Totals** | | **42.3.0** | **$16,878.50** |

J.    Creditors Committee Matters.    Counsel expended 61.6 hours in this category for a total charge of $30,442.00.  The services performed in this category generally included but were not limited to participating in numerous telephone conferences and e-mail exchanges with potential committee members, the Trustee, the Trustee's special counsel and the U.S. Trustee's office regarding the formation of joint committee with the Wannakuwatte case; preparing for and attending the initial meeting and numerous subsequent meetings with the joint Committee; responding to numerous questions from joint Committee members regarding case issues, requests for documents, and the need to hire Committee counsel; drafting a form of common interest agreement and confidentiality agreement for the Committee members to sign; assisting the Committee with setting up meetings with prospective counsel; providing background case and conflict check information to prospective counsel for the Committee; participating in numerous telephone conferences and e-mail exchanges with the Trustee, the Trustee's special counsel, Committee counsel and the U.S. Trustee's office regarding serious potential conflicts of certain Committee issues; drafting a long confidential memorandum to Committee counsel

regarding case issues; and reviewing notice of reconstituted Committee.

A breakdown of the professionals who billed time to Category J and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 61.1 | $30,244.50 |
| Jennifer E. Niemann | $395 | .5 | $197.50 |
| **Totals** | | **61.6** | **$30,442.00** |

K.    FFWP Fee Applications.  Counsel expended 3.3 hours in this category for a total charge of $1,453.50.  The services performed in this category generally included, but were not limited to reviewing and revising billing statements in preparation FFWP's first interim fee application.

A breakdown of the professionals who billed time to Category K and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 2.7 | $1,336.50 |
| Karen L. Widder | $195 | .6 | $117.00 |
| **Totals** | | **3.3** | **$1,453.50** |

L.    First Day Motions.  Counsel expended 37.9 hours in this category for a total charge of $14,260.50.  The services performed in this category generally included, but were not limited to preparing for and attending numerous in-office team meetings regarding the immediate issues to be addressed in case including first-day motions to be drafted and participating in follow-up meetings on the status of same; participating in numerous telephone conferences and e-mail exchanges with the Trustee regarding first-day motions and emergency initial case issues; drafting and filing the initial limited service list; drafting, filing and serving a motion for order establishing notice and administrative procedures; drafting a motion for authority to pay pre-petition taxes in the ordinary course of business; drafting, filing and serving a notice of entry of order limiting notice and form of request for notice; and drafting, filing and serving a notice of the initial limited service list.

A breakdown of the professionals who billed time to Category L and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 16.3 | $8,068.50 |
| Jennifer E. Niemann | $395 | 9.9 | $3,910.50 |
| Karen L. Widder | $195 | 11.7 | $2,281.50 |
| **Totals** | | **37.9** | **$14,260.50** |

M.    <u>Forfeiture Analysis</u>.  Counsel expended 13.5 hours in this category for a total charge of $6,682.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to participating in numerous meetings, conference calls and e-mail exchanges with case parties for this case and the related Wannkuwatte cases regarding forfeiture issues; traveling to/from and attending a long meeting with the Assistant United States Attorney regarding an overview of the case from the U.S. Attorney's perspective; and negotiating with the Assistant United States Attorney regarding the Trustee's request for a release of the Debtor's assets from forfeiture to fund the estate's negative cash flow.

A breakdown of the professionals who billed time to Category M and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 13.5 | $6,682.50 |
| **Totals** | | **13.5** | **$6,682.50** |

N.    <u>General Case Administration</u>.    Counsel expended 73.6 hours in this category for a total charge of $27,118.00.  The services performed by Counsel in this category during the Motion Period included, but were not limited to, reviewing and analyzing new pleadings received in this case and the three related Wannakuwatte cases from the daily Pacer e-mails; researching the current corporate status of the Debtor's known DBAs; working with the Court to correct the Trustee's incorrect address and phone number on the case docket; preparing and maintaining case calendar of upcoming important dates and deadlines; drafting filing and serving requests for notice in the three related Wannakuwatte cases; negotiating with the Trustee

in the Wannakuwatte case regarding a procedure for handling the mail received for non-debtor entities; drafting, filing and serving a motion to authorize the Trustee to open and distribute the mail received at the Debtor's business location for non-debtor entities; reviewing the status reports filed by the Wannakuwatte Trustee; drafting, filing and serving updated limited notice lists; responding to creditor inquiries regarding why they are receiving notices in this case; and responding to questions from the Trustee's special litigation counsel regarding local rules and forms for Rule 2004 examinations.

A breakdown of the professionals who billed time to Category N and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 29.3 | $14,503.50 |
| Jason E. Rios | $405 | 1.6 | $648.00 |
| Jennifer E. Niemann | $395 | 18.2 | $7,189.00 |
| Karen L. Widder | $195 | 24.5 | $4,777.50 |
| **Totals** | | **73.6** | **$27,118.00** |

O.    General Litigation Issues.  Counsel expended 3.5 hours in this category for a total charge of $1,413.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to reviewing the order regarding the stay of the proceedings received from the U.S. District Court in the Cemo Family Charitable Organization litigation and drafting, filing and serving the Trustee's response to same.

A breakdown of the professionals who billed time to Category O and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | .7 | $346.50 |
| Jason E. Rios | $405 | .1 | $40.50 |
| Jennifer E. Niemann | $395 | 2.5 | $987.50 |
| Karen L. Widder | $195 | .2 | $39.00 |
| **Totals** | | **3.5** | **$1,413.50** |

P.      IMG Funding, LLC Lien Disputes.  Counsel expended 143 hours in this category for a total charge of $64,527.00.  The services performed by Counsel in this category during the Motion Period included, but were not limited to, reviewing and analyzing potential defects in the IMGF loan documentation; reviewing the pleadings and exhibits filed by IMGF in pre-petition litigation in the U.S. District Court; performing legal research regarding constructive trust claims, enforceability of unsigned loan documents and IMGF's license to do business in California; participating in telephone conferences with counsel for IMGF regarding his client's loan documentation and an agreement for mediation; traveling to/from and participating in a strategy meeting with co-counsel in San Francisco regarding the IMGF mediation; drafting, filing and serving an application for authority to appoint Judge Newsome as mediator and pay mediation fees; drafting the mediation brief in support of the Trustee's position in the dispute with IMGF; drafting a complaint against IMGF for avoidance of liens; preparing for and attending the mediation with IMGF; working with the Trustee's accountant on an analysis of the litigation alternatives for the IMGF settlement and risk analysis; participating in further negotiations with IMGF after mediation regarding settlement; and negotiating and drafting the IMGF settlement agreement.

A breakdown of the professionals who billed time to Category P and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| Thomas A. Willoughby | $495 | 87.0 | $43,065.00 |
| Jason E. Rios | $405 | 4.2 | $1,701.00 |
| Jennifer E. Niemann | $395 | 48.3 | $19,078.50 |
| Karen L. Widder | $195 | 3.5 | $682.50 |
| **Totals** | | **143.0** | **$64,527.00** |

Q.      Meetings & Communications with Creditors.  Counsel expended 2.8 hours in this category for a total charge of $1,246.00.  The services performed by Counsel in this category during the Motion Period included but were not limited to responding to numerous creditor inquiries regarding their claims; and participating in an informal meeting with creditors

after the continued 341 meeting.

A breakdown of the professionals who billed time to Category Q and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 1.4 | $693.00 |
| Jennifer E. Niemann | $395 | 1.4 | $553.00 |
| **Totals** | | **2.8** | **$1,246.00** |

R.    <u>Motion for Relief from Stay #1 (IMG Funding)</u>.  Counsel expended 23.3 hours in this category for a total charge of $9,203.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to reviewing the motion for relief from stay filed by IMGF; and drafting the Trustee's opposition to the motion which was not filed due to settlement reached with IMGF after mediation.

A breakdown of the professionals who billed time to Category R and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Jennifer E. Niemann | $395 | 23.3 | $9,203.50 |
| **Totals** | | **23.3** | **$9,203.50** |

S.    <u>Motion for Relief from Stay #2 (Community 1st Bank)</u>.  Counsel expended 16.3 hours in this category for a total charge of $7,508.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to reviewing and analyzing the motion for relief from stay filed by Community 1st Bank; drafting, filing and serving the Trustee's opposition to the motion; reviewing Community 1st Bank's reply to the Trustee's opposition; participating in numerous telephone conferences and e-mail exchanges with counsel for Community 1st Bank regarding its motion and negotiating a form of order granting the relief requested.

A breakdown of the professionals who billed time to Category S and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 11.5 | $5,692.50 |
| Jennifer E. Niemann | $395 | 4.4 | $1,738.00 |
| Karen L. Widder | $195 | .4 | $78.00 |
| **Totals** | | **16.3** | **$7,508.50** |

T.    <u>Motion for Relief from Stay #3 (Zions First National Bank)</u>.    Counsel expended 1.9 hours in this category for a total charge of $650.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to reviewing and analyzing the motion for relief from stay filed by Zions Bank; negotiating a stipulation regarding the briefing schedule on the motion; and drafting the Trustee's opposition to the motion which was not filed due to Zions Bank's withdrawal of the motion.

A breakdown of the professionals who billed time to Category T and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | .4 | $198.00 |
| Jennifer E. Niemann | $395 | .8 | $316.00 |
| Karen L. Widder | $195 | .7 | $136.50 |
| **Totals** | | **1.9** | **$650.50** |

U.    <u>Non-Working Travel</u>.  Counsel expended 2.0 hours in this category for a total charge of $990.00.  The services performed by Counsel in this category during the Motion Period included but were not limited to traveling to/from San Francisco for a strategy meeting with the Trustee and the Trustee's special counsel; and traveling to/from the Debtor's business location to meet with the Trustee and review the Debtor's business operations.

A breakdown of the professionals who billed time to Category U and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 2.0 | $990.00 |
| **Totals** | | **2.0** | **$990.00** |

V.    Other Professional Fee Applications.  Counsel expended 1.7 hours in this category for a total charge of $621.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to reviewing and commenting on Diamond McCarthy's first interim fee motion; and drafting, filing and serving the Trustee's declaration in support of Diamond McCarthy's fee application.

A breakdown of the professionals who billed time to Category V and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| Thomas A. Willoughby | $495 | .5 | $247.50 |
| Jennifer E. Niemann | $395 | .7 | $276.50 |
| Karen L. Widder | $195 | .5 | $97.50 |
| **Totals** | | **1.7** | **$621.50** |

W.    Petition/SOFA/Schedules.  Counsel expended 13.6 hours in this category for a total charge of $3,142.00.  The services performed by Counsel in this category during the Motion Period included but were not limited to reviewing the Debtor's amended schedules and statement of financial affairs; drafting and filing a first amended matrix to add additional case creditors; and drafting, filing and serving a second amended schedule F and a second amended creditor matrix to include additional potential creditors of the substantively consolidated entities.

A breakdown of the professionals who billed time to Category W and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| Thomas A. Willoughby | $495 | .9 | $445.50 |
| Jennifer E. Niemann | $395 | 1.1 | $434.50 |
| Karen L. Widder | $195 | 11.6 | $2,262.00 |
| **Totals** | | **13.6** | **$3,142.00** |

X.    Professional Employment Applications:  Counsel expended 114.9 hours in this category for a total charge of $40,154.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to drafting, filing and serving

-18-

the motion to employ FFWP as the Trustee's bankruptcy counsel; drafting filing and serving the motion to employ Michael Gabrielson as the Trustee's accountant; reviewing and commenting on the motion to employ Diamond McCarthy as special counsel for the Trustee; drafting, filing and serving the motion for authority to employ Karen Rushing as bookkeeper for the Trustee outside of the ordinary course of business; drafting a declaration of the Trustee in support of the joint investigation agreement to be included as part of the amended motion to employ Diamond McCarthy; preparing for and attending the hearings on the employment motions; drafting and uploading orders approving employment of the bookkeeper and Diamond McCarthy; drafting, filing and serving a motion to employ special labor and employment law counsel for the Trustee which was withdrawn by the Trustee due to conflict review issues; drafting, filing and serving a second motion to employ substitute special labor and employment law counsel; drafting, filing and serving a motion to employ a business broker to sell the IMG Business; assisting counsel for the Committee with service and local format issues related to his employment application; drafting, filing and serving a supplemental declaration to employ the business broker; preparing for and attending the hearing on the motion to employ the business broker; drafting and uploading the order authorizing the employment of labor and employment law counsel; drafting, filing and serving a supplement and second amendment to the motion to expand the employment of Diamond McCarthy; and drafting, filing and serving a motion to reaffirm the employment of FFWP and a declaration regarding the supplemental disclosure of connections in support of the motion.

A breakdown of the professionals who billed time to Category X and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Thomas A. Willoughby | $495 | 34.3 | $16,978.50 |
| Jason E. Rios | $405 | 7.9 | $3,199.50 |
| Jennifer E. Niemann | $395 | 29.0 | $11,455.00 |
| Karen L. Widder | $195 | 43.7 | $8,521.50 |
| **Totals** | | **114.9** | **$40,154.50** |

Y.    Reporting (Including Monthly, Quarterly and other Accounting Reports). Counsel expended 2.2 hours in this category for a total charge of $969.00. The services performed by Counsel in this category during the Motion Period included but were not limited to reviewing, filing and serving the Trustee's monthly operating reports.

A breakdown of the professionals who billed time to Category Y and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| Thomas A. Willoughby | $495 | 1.8 | $891.00 |
| Karen L. Widder | $195 | .4 | $78.00 |
| **Totals** | | **2.2** | **$969.00** |

Z.    Review Case Issues, Initial Strategy & First Day Motions. Counsel expended 26.6 hours in this category for a total charge of $13,167.00. The services performed by Counsel in this category during the Motion Period included but were not limited to preparing for and participating in an initial meeting with the Trustee, Trustee's special counsel and the Trustee's accountant regarding case background, issues and strategy; and drafting agendas for and conducting numerous "all hands" telephone conferences and in-person meetings with the Trustee and the Trustee's case professional regarding case issues and strategies as the case progressed including but not limited to substantive consolidation, assets sales, and litigation.

A breakdown of the professionals who billed time to Category Z and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| Thomas A. Willoughby | $495 | 26.6 | $13,167.00 |
| **Totals** | | **26.6** | **$13,167.00** |

AA.    Special Counsel Coordination. Counsel expended 23.9 hours in this category for a total charge of $11,740.50. The services performed by Counsel in this category during the Motion Period included but were not limited to negotiating with Diamond McCarthy, the Wannakuwatte Trustee and the Assistant United States Attorney on expanding the retention of Diamond McCarthy to include a joint investigation agreement between the bankruptcy estates;

reviewing and editing the joint investigation agreement; participating in numerous and extensive telephone conferences and e-mail exchanges with Diamond McCarthy regarding investigation issues, status and strategy; reviewing Diamond McCarthy's preliminary report regarding the initial claims investigation; and drafting a letter to the FBI seeking a release of boxes in their custody.

A breakdown of the professionals who billed time to Category AA and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 23.6 | $11,682.00 |
| Karen L. Widder | $195 | .3 | $58.50 |
| **Totals** | | **23.9** | **$11,740.50** |

BB.    <u>Substantive Consolidation Analysis.</u>  Counsel expended 139.1 hours in this category for a total charge of $60,985.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to performing extensive legal research on the substantive consolidation of non-debtor entities; extensive discussions with the Trustee's case professionals relating to same; participating in extensive and protracted negotiations with professionals for the Wannakuwatte case and Committee counsel on the development of a joint substantive consolidation strategy; consulting with the Trustee regarding the mediation with Judge Newsome on inter-estate issues; and participating in negotiations on the form of the inter-estate agreement on consolidation.

A breakdown of the professionals who billed time to Category BB and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 88.6 | $43,857.00 |
| Paul J. Pascuzzi | $475 | .2 | $95.00 |
| Jason E. Rios | $405 | .5 | $202.50 |
| Jennifer E. Niemann | $395 | 35.6 | $14,062.00 |
| Karen L. Widder | $195 | 14.2 | $2,769.00 |

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| **Totals** | | **139.1** | **$60,985.50** |

        CC.    <u>Substantive Consolidation Litigation.</u>  Counsel expended 157.3 hours in this category for a total charge of $59,413.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to performing legal research regarding a possible complaint by the Trustee against Wannas Enterprises, LLC ("Wannas") for substantive consolidation, declaratory relief and turnover of estate property; drafting a complaint for substantive consolidation against Wannas that was superseded by the inter-estate agreement; drafting, filing and serving a motion for authority to publish the notice of hearing on the motion for substantive consolidation; drafting, filing and serving a motion to approve inter-estate settlement with the three related Wannakuwatte estates and for substantive consolidation with certain non-debtor entities as part of that settlement; performing legal research on entities to be substantively consolidated with Debtor and potential creditors of those entities to be served with the notice of the substantive consolidation motion; arranged for publication of the notice of hearing on the substantive consolidation motion at a reduced rate; reviewing and analyzing the oppositions received to the motion for substantive consolidation; drafting, filing and serving the Trustee's omnibus reply to the oppositions received to substantive consolidation; participating in telephone conferences and e-mail exchanges with Committee counsel regarding the Committee's statement in support of the Trustee's motion to approve substantive consolidation; reviewing the reply filed by the Wannakuwatte Trustee to its motion for substantive consolidation; preparing for and attending the contested hearing on substantive consolidation; negotiating, drafting and uploading the order approving substantive consolidation as to some of the non-debtor entities; and drafting, filing and serving a supplemental motion for substantive consolidation of the DBS Air and Relyaid Global entities.

        A breakdown of the professionals who billed time to Category CC and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 65.4 | $32,373.00 |
| Jennifer E. Niemann | $395 | 45.6 | $18,012.00 |
| Karen L. Widder | $195 | 46.3 | $9,028.50 |
| **Totals** | | **157.3** | **$59,413.50** |

DD.    Tax Matters.    Counsel expended 3.1 hours in this category for a total charge of $1,534.50.  The services performed by Counsel in this category during the Motion Period included but were not limited to performing legal research regarding IMG's rights in potential tax refunds; and participating in numerous telephone conferences and e-mail exchanges with the Trustee's accountant and special counsel regarding issues relating to the estate's amended tax returns and potential refunds.

A breakdown of the professionals who billed time to Category DD and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 3.1 | $1,534.50 |
| **Totals** | | **3.1** | **$1,534.50** |

**IV.**

**STATEMENT OF FEES AND EXPENSES**

Detailed statements itemizing services rendered and expenses incurred by Counsel are attached as Exhibit A to the Declaration of Thomas A. Willoughby in Support of Motion for First Interim Allowance of Attorneys' Fees and for Reimbursement of Expenses filed and served herewith (the "Willoughby Declaration").  Exhibit A reflects a total of $540,916.00 for billed fees and $33,234.24 for billed expenses for a total of $574,150.24 sought to be approved during the period covered by this Motion.

In addition to the billed fees and expenses, FFWP has voluntarily either written down (shown on billings as "no charge") or written off (not shown on bill) an additional $60,104.50 in fees.

The total hours expended (billed, no charge and non-billed) by counsel totaled 1,521.2 during the period covered by this Motion, for an average per hour blended rate of $355.59 per hour.

## V.

## RESPONSIBLE PERSONNEL

The professionals assigned to this chapter 11 case who performed more than twenty (20) hours of service are as follows:

Thomas A. Willoughby (TAW) is the partners primarily charged with the overall responsibility for this case.  Mr. Willoughby's billing rate during the period covered by this Motion was $495 per hour.  Mr. Willoughby has been a partner in the firm of Felderstein Fitzgerald Willoughby & Pascuzzi LLP since January 1, 1999.  Prior to that, Mr. Willoughby was a partner in the firm of Diepenbrock, Wulff, Plant & Hannegan, LLP from 1996 until December 31, 1998.  Mr. Willoughby obtained his B.A. degree in economics from the University of California, Los Angeles, in 1985, and his J.D. degree from the University of California, Davis, in 1988.  Mr. Willoughby is a member of the National Association of Bankruptcy Trustees, and the Bankruptcy Dispute Resolution Panel for the United States Bankruptcy Court for the Eastern District of California.  Mr. Willoughby has previously served on the Debtor/Creditor Committee of the State Bar of California's Business Law Section and the Board of Directors of the Sacramento Valley Bankruptcy Forum.  He also served on the Attorney Advisory Committee to the United States Bankruptcy Court Clerk's Office for the Eastern District of California and the Chapter 11 Liaison Committee to the Office of the U.S. Trustee.  He also served as an associate editor of the U.C. Davis Law Review.

Jennifer E. Niemann (JEN), counsel, assisted with the day-to-day aspects of this case including legal research, drafting pleadings and attending hearings.  Ms. Niemann's billing rate during the period covered by this Motion was $395 per hour.  Ms. Niemann earned her B.A. degree in Economics from the University of Illinois at Urbana-Champaign in 1986 and her J.D. from Harvard Law School in 1989.  Prior to joining FFWP, Ms. Niemann served as a long-term judicial law clerk at the United States Bankruptcy Court for the Northern District of California in

San Francisco as well as in San Jose.

Karen L. Widder (KLW) is a legal assistant who assisted with drafting pleadings as needed in this case.  Her billing rate during the period covered by this Motion was $195 per hour.  Ms. Widder has served as a legal assistant to bankruptcy, creditors' rights, and commercial litigation attorneys since 1977, and has extensive experience in chapter 7, 11, and 13 bankruptcy cases for all types of business entities.  Ms. Widder earned her Associate Degree as a Legal Secretary from Portland Community College in 1977.  Additionally, she received extensive training through Portland Community College's Legal Assistant Program.

## VI.

## SUMMARY OF FEES AND EXPENSES

Fees.  Exhibit A to the Willoughby Declaration contains reproductions of time sheets and cost records kept in the regular course of business for services rendered to the Debtor.  The total fees and expenses incurred and recorded by Counsel in this case during the period covered by this Motion, for which compensation is sought, are set forth in Exhibit A:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Thomas A. Willoughby | $495 | 660.1 | $326,749.50 |
| Paul J. Pascuzzi | $475 | .5 | $237.50 |
| Jason E. Rios | $405 | 15.4 | $6,237.00 |
| Jennifer E. Niemann | $395 | 391.8 | $154,761.00 |
| Holly A. Estioko | $350 | 7.6 | $2,660.00 |
| Karen L. Widder | $195 | 257.8 | $50,271.00 |
| **Totals** | | **1333.2** | **$540,916.00** |

As described above in Section IV, Counsel has calculated a blended hourly rate of $355.59 by dividing the total hours incurred, including billed, no charge and unbilled time, by the total amount sought for fees.  This relatively low blended rate demonstrates Counsel's effective use of professionals at various billing rates.

Expenses.  The expenses incurred during the period covered by this Motion are as follows:

| Category | Total |
|---|---:|
| Court Filing Fees | $758.00 |

| | |
|---|---|
| Delivery/Messenger Services | $811.06 |
| Document Retrieval | $285.72 |
| Meals | $695.10 |
| Photocopies | $17,767.30 |
| Postage | $6,271.95 |
| Telephone | $586.83 |
| Telephonic Court Appearances | $78.20 |
| On-Line Legal Research | $2,578.14 |
| Other Expenses (Parking) | $22.00 |
| Outside Printing/Mailing Service | $2,610.67 |
| Travel Expenses | $623.27 |
| Transcripts | $146.00 |
| **Total** | **$33,234.24** |

Counsel requests an order under Bankruptcy Code Section 330 approving fees in this case of $540,916.00 and expenses of $33,234.24 for the period of June 25, 2014, through and including March 31, 2015, as fair, reasonable, and necessary to the estate.

**VII.**

**FACTORS TO CONSIDER**

The Employment Order approved Counsel's employment on a compensation basis that would allow payment for services rendered on an hourly rate consistent with the Ninth Circuit decision in *In re Manoa Fin. Co.,* 853 F2d 687 (9th Cir. 1988), after notice to all interested parties. Consistent with the *Manoa* decision, various factors were suggested by the Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), for consideration in awarding compensation in a bankruptcy case. Though not specifically required for approval under the lodestar or *Manoa* case, several of the *Johnson* factors have been specifically codified by the Bankruptcy Reform Act of 1994 and as such, these factors are discussed below:

(a)    **Time and labor required (11 U.S.C. § 330(a)(3)(A))**:    Counsel has utilized five attorneys and one legal assistant who have expended 1,521.2 in hours (and billed 1,333.2 hours) during the more than nine months covered by the Motion Period.

///

**(b)** **Novelty and difficulty of the questions (11 U.S.C. § 330(a)(3)(D))**:  This case involves many of the technical and complex problems that often arise in a bankruptcy case. Counsel requests that the Court take judicial notice of all the papers on file in this case that detail the types of issues faced and resolved by Counsel to date.

**(c)** **Skill requisite to perform services properly (11 U.S.C. § 330(a)(3)(D))**: Counsel is skilled in handling complex chapter 11 cases and has special knowledge which enables Counsel to render services of benefit to the estate.  The attorneys and legal assistants who have contributed to this case have many years of combined experience in similarly complicated cases.

**(d)** **Customary fees (11 U.S.C. §§ 330(a)(3)(B and E))**:  The rates charged by Counsel are standard billing rates, which standard rates are the same rates as generally used by Counsel with respect to its non-debtor/trustee clients.  The rates also are similar to the normal charges for similar work performed by similarly experienced and skilled attorneys and legal assistants in the Eastern District of California bankruptcy courts.  Counsel requests that the Court take judicial notice of the rates generally charged and approved in fee applications before this Court and other cases in the Eastern District of California.

**(e)** **Amount of work involved and result obtained (11 U.S.C. § 330(a)(3)(D))**:  As stated above, Counsel has expended 1,521.2 in hours (and billed only 1,333.2 hours) on behalf of the Trustee during the Motion Period performing the services described herein.

**(f)** **Experience, reputation, and ability of counsel**:  Counsel has many years' experience handling complex bankruptcy reorganizations, workouts, and commercial law cases. Counsel also enjoys a reputation for quality work and integrity in the legal community and before this Court.

**(g)** **Professional relationship with the client**:  Other than as disclosed in its application for approval of employment of counsel, Counsel has no relationship with the U.S. Trustee, the Debtor, its officers and directors, or its creditors.

**(h)** **Awards in similar cases (11 U.S.C. § 330(a)(3)(F))**:  The compensation sought by this Motion is consistent with that authorized in similar cases.

In addition to the foregoing *Johnson* factors, section 330 also examines whether the services were:

      **(i)**      **Necessary to the Administration of the Bankruptcy Case (11 U.S.C. § 330(a)(3)(C))**:  All of Counsel's services have been required and have benefited the estate. Counsel's services were necessary to the administration of this case.

## VIII.

## PAYMENTS RECEIVED TO DATE

With respect to the Bankruptcy Rule 2016(a) requirements for attorney fee applications, Felderstein Fitzgerald Willoughby & Pascuzzi LLP has not received any payments to date in this case from any source

## IX.

## SUMMARY OF PRIOR FEE MOTIONS

This is Counsel's first interim fee motion so no previous motions have been filed.

## X.

## U.S. TRUSTEE GUIDELINE 2.2.2

During the preparation and finalization of this Application, the Trustee has been out of the office and unavailable to review the final billing statements and Application. Prior to the hearing on this Application, a statement shall be filed detailing the Trustee's position on this Application and the proposed billings, which will indicate any objections the Trustee may have to the relief requested herein.

## XI.

## CONCLUSION

Based on all of the above, Felderstein Fitzgerald Willoughby & Pascuzzi LLP and the Trustee respectfully request this Court approve on an interim basis the compensation sought and reimbursement of expenses requested as fair, reasonable, and necessary to the estate, and enter an order specifically providing as follows:

      1.      Approving as reasonable, on an interim basis, attorneys' fees in the sum of $540,916.00 and expenses in the sum of $33,234.24 for a total of $574,150.24, incurred by

1    Felderstein Fitzgerald Willoughby & Pascuzzi LLP during the period extending from June 25,

2    2014, through and including March 31, 2015, as fair, reasonable, and necessary to the estate;

3          2.      Authorizing the Trustee to pay Felderstein Fitzgerald Willoughby & Pascuzzi LLP

4    100% of the interim approved expenses ($33,234.24 plus costs of service to be submitted prior to

5    the hearing) and 70% of the total interim approved fees ($378,641.20) for a total interim payment

6    of $411,875.44 out of available cash in the estate; and

7          3.      For such other and further relief as the Court deems just.

8    Dated:  May 13, 2015

9                                            FELDERSTEIN FITZGERALD
                                             WILLOUGHBY & PASCUZZI LLP

10                                           By:/s/ Thomas A. Willoughby
11                                           THOMAS A. WILLOUGHBY
                                             Attorneys for Beverly N. McFarland,
12                                           Chapter 11 Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FFWP First Interim
Fee Motion