THOMAS A. WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD WILLOUGHBY &
PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: twilloughby@ffwplaw.com

Attorneys for the Chapter 11 Trustee,
Beverly N. McFarland

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL MANUFACTURING GROUP, INC.,<br><br>Debtor. | CASE NO.: 14-25820-D-11<br>Chapter 11<br>DCN:  FWP-26<br><br>Date:        June 10, 2015<br>Time:       10:00 a.m.<br>Courtroom:  34<br>                 501 I Street, 6th Floor<br>                 Sacramento, CA |

**DECLARATION OF THOMAS M. GOSSELIN IN SUPPORT OF MOTION OF TERAOKA & PARTNERS LLP FOR FIRST INTERIM ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR THE CHAPTER 11 TRUSTEE**

I, Thomas M. Gosselin, declare as follows:

1. I am an attorney duly licensed to practice in the State of California and am of counsel with Teraoka & Partners LLP, special counsel ("Counsel") for the Beverly N. McFarland the duly appointed Chapter 11 Trustee (the "Trustee"). I make this declaration in support of the Motion of Teraoka & Partners LLP for First Interim Allowance of Fees and Reimbursement of Expenses as Special Counsel for the Chapter 11 Trustee (the "Motion").

2. I have personal knowledge of the facts in this declaration and if called as a witness, could and would so testify. As such, I have personal knowledge of my firm's billing policies and practices.  I have read the accompanying Motion of Teraoka & Partners LLP for First Interim Allowance of Attorneys' Fees and for Reimbursement of Expenses, and to the best of my

knowledge, all representations are true and correct.

3. During the period September 23, 2014, through and including April 21, 2015, (the "Motion Period"), Counsel billed the Trustee for legal services in the sum of $17,767.50.

4. During the Motion Period, Counsel also incurred actual and necessary expenses for mileage in the amount of $133.28.

5. Pursuant to the Employment Order, Counsel was employed to provide labor and employment law advice to the Trustee concerning various federal and California employment law obligations and policies with respect to IMG, issues related to the sale of the IMG business; and regarding the IMG 401k plan. Because the services provided by Counsel were limited in scope, they were not task billed.

6. True and correct copies of Counsel's monthly statements for the period covered by this Motion are attached as Exhibit A, and are incorporated herein by reference. To the best of my knowledge, information, and belief, the time records referenced in the attached billing statements accurately represent the actual time spent by me in performing the described legal services in this case.

7. This is Counsel's first interim fee motion so no previous fee motions have been filed.

8. With respect to the Bankruptcy Rule 2016(a) requirements for attorney fee applications, Counsel has not received any payments to date in this case from any source.

9. With respect to Bankruptcy Rule 2016(b), Counsel has not entered into any agreement, express or implied, with any other party-in-interest, including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between me and any other person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

10. I certify that Counsel has complied with this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("Court Guidelines"). I certify that:

1  (a) I have read the Motion submitted herewith; (b) to the best of my knowledge, information and
2  belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in
3  conformity with the Court Guidelines, except as specifically noted in the Motion; and (c) the
4  compensation and expense reimbursement requested are billed at rates, in accordance with
5  practices, no less favorable than those customarily employed by my firm and generally accepted
6  by the my firm's clients.

7  I declare under penalty of perjury that the foregoing is true and correct. Executed on
8  May 1, 2015, at Phoenix, Arizona.

*/s/ Thomas M. Gosselin*___
THOMAS M. GOSSELIN